Slip Op. 04-92

## UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: Judge Judith M. Barzilay**

|  |  |  |
|---|---|---|
| | : | |
| **UNITED STATES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Court No. 02-00646** |
| | : | |
| **OPTREX AMERICA, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### MEMORANDUM OPINION AND ORDER

This is the third opinion issued in this discovery dispute. *See United States v. Optrex Am., Inc.*, Slip Op. 04-80 (CIT July 1, 2004) (memorandum opinion and order granting Defendant's Motion to Compel Discovery); *United States v. Optrex Am., Inc.*, Slip Op. 04-79 (CIT July 1, 2004) (memorandum opinion and order partially granting and partially denying Plaintiff's Motion to Compel Discovery). Following the court's order dated July 1, 2004, Plaintiff United States has now submitted for *in camera* review a revised Privilege Log and documents relating to Defendant Optrex's proposed deposition of government counsel, Mr. Jeffrey Reim, as requested. On July 14, 2004, the court held oral argument in the action "in reference to Defendant's Motion to Depose Mr. Reim and to allow Plaintiff's counsel to explain why the court should not sanction the government for its discovery actions which violate court rules and case law teachings." *Optrex*, Slip Op. 04-80 at 10.

The court here must determine if this revised Privilege Log meets the standards articulated in the court's previous opinions for asserting the privilege claimed with respect to

each listed document. The court must also decide whether any documents concerning Mr.

Reim's deposition should remain privileged and whether to grant Defendant's request to depose

Mr. Reim. Finally, the court considers whether to sanction Plaintiff's counsel for obstructing the

discovery process.

**Plaintiff's Revised Privilege Log**

Plaintiff's revised Privilege Log finally presents detailed explanations of the contents of

the documents in question and why Plaintiff believes they deserve privilege. *See Pl.'s Revised*

*General Privilege Log* at 1-9 (submitted to the court). As discussed before, USCIT R. 26(b)(5)

establishes the standard for granting privilege claims.

> When a party withholds information otherwise discoverable under these
> rules by claiming that it is privileged or subject to protection as trial
> preparation material, the party shall make the claim expressly and shall
> describe the nature of the documents, communications, or things not
> produced or disclosed in a manner that, without revealing information
> itself privileged or protected, will enable other parties to assess the
> applicability of the privilege or protection.

USCIT R. 26(b)(5). Finding guidance in the cases that interpret the federal rule, the court

observes that, to effectively assert privileged status, a privilege log must

> contain a brief description or summary of the contents of the document,
> the date the document was prepared, the person or persons who prepared
> the document, the person to whom the document was directed, or for
> whom the document was prepared, the purpose in preparing the
> document, the privilege or privileges asserted with respect to the
> document, and how each element of the privilege is met as to that
> document.

*Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 589, 594 (W.D.N.Y. 1996) (quoting the federal

discovery rule, FED. R. CIV. P. 26(b)(5), Advisory Committee Notes, 1993 Amendments).[1]

Plaintiff's revised Privilege Log meets these criteria in nearly every instance.[2] Each document citation assigns the given document a number and lists its date of creation, its author, a description of its contents, the privilege claimed, and the basis for claiming the privilege. From information provided in the Privilege Log, and occasionally from other documents the Log cites, the court can reasonably determine that the documents for which Plaintiff asserts attorney-client privilege and/or deliberative process privilege warrant protection. *See Pl.'s Revised General Privilege Log* at 1-9; *Pl.'s Exs. in Supp. of Pl.'s Opp'n to Def.'s Mot. to Compel Disc. & Pl.'s Cross-Mot. for a Protective Order*, Ex. E (*Decl. Asserting Privilege*, Robert C. Bonner, Comm'r, U.S. Customs and Border Protection), Ex. F (*Decl. Asserting Privilege*, John P. Clark, Director, Office of Investigations, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security).[3]

---

[1] Reliance on other courts' decisions is warranted as USCIT R. 26 closely tracks FED. R. CIV. P. 26.

[2] In fact, considering the tight one-week schedule counsel had to produce this document, the court commends counsel on its helpful, meticulous efforts.

[3] The court notes that even though the documents within the Log appear to warrant privileged status, Plaintiff's counsel often invokes the wrong privilege. Plaintiff desires to protect these documents primarily under the investigatory files privilege perhaps because the administrative proceeding which gave birth to these documents is denominated a Customs investigation. However, the description of the documents themselves suggests that the documents fall under the deliberative process privilege. *Compare R.C.O. Reforesting v. United States*, 42 Fed. Cl. 405, 408-409 (1998) (detailing requirements for asserting investigative files privilege) *with Abramson v. United States*, 39 Fed. Cl. 290, 293-95 (1997) (delineating the requirements for asserting deliberative process privilege), *and Asahi Chem. Indus. Co. v. United States*, 1 CIT 21, 23 (1980). The deliberative process privilege aims to protect the government's "decision-making process" from public exposure. *Abramson*, 39 Fed. Cl. at 293 (citation and internal quotation omitted). "Communications are not within the purview of the privilege unless they are both (1) 'predecisional' in that they have been generated prior to an agency's adoption of

On the other hand, eight (8) documents within the Log do not meet standards for privilege protection. With respect to these documents denoted E 49-109, E 303-305, H 396-456, K 2-4, L 15-23, L 405-410, L558-564, and L 581-88, the Log lists the explanation "Already Provided in Classification Case" as the claim and basis of privilege.[4] *Pl.'s Revised General Privilege Log* at 1, 3, 6-7. A party cannot claim privileged status for a document on the grounds that it has already provided the document to the opposing party in another case. Moreover, the rules do not permit a party to withhold discoverable information merely because it is repetitive or redundant; the request must also be "unreasonable." *See* USCIT R. 26(b)(2); *cf. Redland Soccer Club, Inc. v. Dep't of the Army of the United States*, 55 F.3d 827, 856 (3d Cir. 1995) (noting that parties resisting discovery must demonstrate the "burdensome or oppressive" nature of the request) (quotations omitted), *cert. denied*, 516 U.S. 1071 (1996). Here, the court determines that Optrex's repeated request for documents provided in another case before another judge is not unreasonable. Thus, the court orders the government to provide these documents to Optrex in this proceeding.

---

a policy or decision and (2) 'deliberative' in that they reflect the give-and-take of a deliberative decision-making process." *Seafirst Corp. v. Jenkins*, 644 F. Supp. 1160, 1163 (W.D. Wash. 1986) (citations omitted). Case law throughout the federal system reveals–and often laments–the often blurred lines between recognized privileges, and courts frequently give the same privilege different names. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149-50 (1975) (elucidating multiple names given to similar privileges); *Abramson*, 39 Fed. Cl. at 293-95; *Zenith Radio Corp. v. United States*, 764 F.2d 1577, 1580 (Fed. Cir. 1985) (noting analogous characteristics of different privileges). In any event, choice of privilege-name aside, judging by these documents' descriptions within the Log, they fall under the deliberative process privilege and should therefore be granted that status.

[4] The "Classification Case" referred to is Court No. 00-382 currently before Judge Wallach.

**The Deposition of Mr. Reim**

In its Motion to Compel Discovery, Defendant Optrex sought to depose Customs Assistant Chief Counsel Jeffrey Reim because it believed that he "may have acted outside of the scope of his duties as an attorney when he assumed the role of special agent during the underlying investigation." *Def.'s Mot. to Compel* at 13. The court previously noted that it could not "determine the nature of the information Mr. Reim may have provided the government, let alone whether it deserves privileged status." *Optrex*, Slip Op. 04-80 at 8. Consequently, the court instructed Plaintiff to submit to chambers for *in camera* review those documents regarding Mr. Reim for which Plaintiff desires to assert privilege. *See id.* at 10. After careful review of the submitted documents, the court finds no indication that Mr. Reim acted outside his role as attorney or acted as a special agent on behalf of the government during the course of this investigation.[5] Furthermore, even if the information Mr. Reim acquired were not to fall under the scope of attorney-client privilege, such information would receive protection on grounds of deliberative process privilege. *See supra* note 3.

The question is then whether Defendant can sufficiently demonstrate that it needs access to this privileged material to be able to present a proper defense. When examining the merits of a party's motion to access normally privileged government documents and information, one of

---

[5] To further support its request that it depose Mr. Reim as a special agent of the government, Optrex submitted to the court deposition testimony allegedly showing that Mr. Reim played such a role. However, as the government correctly points out, this testimony shows that the case was handled by two other special agents and (even further) that Mr. Reim was merely the "counsel involved." *Def.'s Supplemental Submission pursuant to Oral Argument of July 14, 2004, Dep. of Nicholas Candela* at 26:20-24; *see also Pl.'s Response* at 2. There is no indication that Mr. Reim acted outside his role as counsel. Indeed, by virtue of lacking any analysis on this point Optrex's submission does not in any way help its case.

the methods courts apply is a balancing test that weighs the need for secrecy against the need for discovery. *See Zenith Radio Corp.*, 764 F.2d at 1580-81. That is, if Defendant can show that its efforts to defend against the government's suit would be significantly hampered if the privilege is not waived, the court will allow the waiver. Defendant made no such showing.

During oral argument, Defendant Optrex's counsel suggested that Mr. Reim appeared to have something to conceal and further implied that Mr. Reim gained access to former Optrex employees to gather information to be used against Optrex. After careful deliberation the court remains unconvinced by such arguments. First, if the government decides to call these former employees to testify in court, Defendant will know their identity in advance and will have ample opportunity to depose them and cross-examine them at trial. Moreover, Defendant should know the whereabouts of its past and current employees and what kind of information they would reveal about the company. Defendant's claim that it must be permitted to depose Mr. Reim because of his allegedly superior knowledge on these matters therefore carries no merit. Likewise, because this penalty case turns on the finding of a negligent act or omission as outlined in 19 U.S.C. § 1592, the government need not provide Defendant with evidence that Defendant did not behave negligently. That burden falls squarely upon Defendant. *See* 19 U.S.C. § 1592(e)(4).[6]

---

[6] The pertinent parts of 19 U.S.C. § 1592(e) reads:
Notwithstanding any other provision of law, in any other proceeding commenced by the United States in the Court of International Trade for the recovery of any monetary penalty claimed under this section--
. . .
(4) if the monetary penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence.

For all these reasons, the court finds that Defendant Optrex has not demonstrated why it should be allowed to depose Mr. Reim or gain access to any documents he wrote or received that relate to this case. Thus, the court denies Defendant's request to depose Mr. Reim and also grants the related documents privileged status.

**Sanctioning Government's Counsel**

In this court's Memorandum Opinion and Order on Defendant's Motion to Compel Discovery, the court considered sanctioning Plaintiff's counsel for obstructing the discovery process. *See Optrex*, Slip Op. 04-80 at 10. The court observed that counsel's objections to Defendant's interrogatories were "improper" and that counsel forwarded to Defendant's counsel voluminous quantities of unorganized documents that appeared to have little bearing on the case. *Id.* at 3, 9. However, since then, Plaintiff's counsel indicated that the documents were in the order Customs arranged them during the course of the investigation. *Aff. (public version) of Jay V. Ratermann, Special Agent with U.S. Immigration and Customs Enforcement* at 2. Rule 34 of this Court acknowledges that a "party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." USCIT R. 34(b). Customs may benefit from a better organizational system for its files, yet such poor organization itself does not warrant sanctions under USCIT R. 37. On the other hand, the court reiterates to government's counsel that "General Objections are not allowed" in any court in the federal system. *Optrex*, Slip Op. 04-80 at 3. The court will look with extreme disfavor upon further government use of such improper objections.

For all the foregoing reasons and after due deliberation, it is hereby

ORDERED that Plaintiff's privilege requests for documents denoted as E 49-109, E 303-305, H 396-456, K 2-4, L 15-23, L 405-410, L558-564, and L 581-88 in its revised Privilege Log are DENIED, and that Plaintiff provide these documents to Defendant's counsel within one week from the date of this opinion; it is further

ORDERED that all documents listed in Plaintiff's revised Privilege Log, excepting those mentioned in the paragraph directly above, receive privileged status and are protected; it is further

ORDERED that Defendant's motion to depose Mr. Reim is DENIED, and that all related documents maintain their privileged status; and it is further

ORDERED that Plaintiff's Motion for Leave to File the Declaration of Jay V. Ratermann is GRANTED and accordingly relied on in this opinion.

Dated:__July 27, 2004_____                    ___/s/ Judith M. Barzilay_____

New York, New York                                                    Judith M. Barzilay